**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-01077-RM

UNITED STATES OF AMERICA,

    Petitioner,

v.

DAVID ZOOK,

    Respondent.

---

**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

---

This matter is before the Court on Respondent Zook's Motion to Alter or Amend Judgment. (ECF No. 15.) The Petitioner, the United States Environmental Protection Agency, ("EPA"), filed a Response in Opposition to the Motion. (ECF No. 16.) Zook failed to timely file a Reply and requested an extension of time in which to do so, which the Court granted. (ECF Nos. 17, 18.) Zook has nevertheless failed to file a Reply. Upon consideration of the Motion, the Response, and the applicable rules and case law, and being otherwise fully advised, the Court finds and orders as follows.

**I.**      **BACKGROUND**

In October 2021, this Court issued an Order directing Zook to comply with the EPA's administrative subpoena seeking information regarding his compliance with the Disclosure of Known Lead-Based Paint and/or Lead-Based Hazards Upon Sale or Lease of Residential Property, (the "Lead Disclosure Rule"), a provision of the Toxic Substances Control Act, 15 U.S.C. §§ 2601-2697; 42 U.S.C. § 4852d. (ECF No. 13.) The Court issued that Order upon

the Petition of the EPA. (ECF No. 1.) The EPA filed the petition following repeated attempts to obtain information from Zook, who is the owner of a piece of rental property in Colorado Springs, Colorado. Rather than respond to the requests, Zook repeatedly questioned the EPA's authority to make such requests for information. The EPA ultimately issued a subpoena to Zook requiring him to submit the EPA's requested documents within 30 days. When Zook again failed to respond, the EPA filed its Petition in this Court.

On October 28, 2021, this Court issued its Order in which it concluded that the subpoena was issued pursuant to a reasonable basis, it was within the EPA's authority under the Toxic Substances Control Act, it met the requirements for enforceability under *United States v. Morton Salt Co.*, 338 U.S. 632 (1950), (the key authority on the propriety of administrative subpoenas), and that Zook could not invoke his Fifth Amendment privilege in order to avoid complying with the subpoena. (ECF No. 13.)

Zook filed the Motion to Alter or Amend Judgment on November 29, 2021, characterizing his Motion as having been brought pursuant to Fed. R. Civ. P. 59. (ECF No. 15.) In his Motion, Zook asserted that "[t]he court has misapprehended some facts; highlighted some irrelevant facts[1]; neglected to address some issues raised by Respondent and in some instances, misconstrued the applicable law." Specifically, Zook asserts that this Court misapprehended his arguments that (1) the fact that his building suffered from chipped paint is "simply irrelevant to the only responsibility he has under the Act—to provide the 13 page [lead paint] pamphlet;" and (2) the EPA's subpoena power has limits and while Zook does not dispute that the EPA has the

---

[1] Zook asserts that this Court highlighted certain irrelevant facts in its previous Order. The facts cited in his motion, however, were not necessary to the Court's legal analysis. Specifically, the Court included a discussion of the EPA's attempts in this case to cooperate with Zook to obtain the requested information, and the Court mentioned that it had reviewed the records of the Colorado Secretary of State in order to determine who, exactly, the respondent is in this case. That information was included to provide certain background information to the reader. Therefore, any purported error in including those facts had no impact on the outcome of the Court's analysis and provides no basis for the relief Zook seeks.

power to issue subpoenas, he disputes that they can issue them "at random, without any reasonable predicate."  Zook argues that the Court failed to address his arguments that (1) the EPA acted in reliance on an informant who was attempting to blackmail/extort him, thus the informant lacked credibility and, moreover, the EPA should not, as a policy matter, assist individuals who would manipulate the Agency for improper purposes; and (2) the informant lived in an "exempted, zero bedroom unit," and therefore the informant's lease could not provide the EPA with  reason to believe Zook violated the Lead Disclosure Rule.  Finally, Zook asserts that the Court misapplied the law, by (1) incorrectly analyzing his case under *Morton Salt*, which he contends can only be used to analyze subpoenas on corporations, and (2) concluding that the EPA does not need to have a reasonable basis to believe that he violated the Lead Disclosure Rule before issuing a subpoena to him.

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment."  "'Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'"  *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012) (quoting *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012)).  It "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment."  *Steele v. Young*, 11 F.3d 1518, 1520 (10th Cir. 1993).  "He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted."  *Palmer v. Hoffman*, 318 U.S. 109, 116 (1943).

Fed. R. Civ. P. 60(b), on the other hand, provides that a court can provide relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason that justifies relief. A motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). A "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *See id.*

### III. DISCUSSION

As an initial matter, the Court notes that Zook filed his motion for relief under Fed. R. Civ. P. 59(e) out of time—this Court issued its order on October 28, 2021. (ECF No. 13.) Any motion under Rule 59(e), therefore, had to be filed no later than November 25, 2021, but Zook filed his motion on November 29, 2021. (ECF No. 15.) The Court can, however, construe Zook's motion as one brought under Rule 60. And in the Court's view, in this case the distinction does not matter, because under either Rule, Zook is arguing that the Judgment should be amended because of this Court's mistakes of law and fact. The Court will consider Zook's contentions in turn.

#### A. Facts Misapprehended

Zook first argues that the Court did not understand his positions as he articulated them in his opposition to the EPA's Petition. First, he asserts that he never intended to argue that the informant/former tenant's complaint of chipping paint on the exterior of the building was false;

4

rather he was arguing that that information was irrelevant to any duty he had under the Lead Disclosure Rule. He argues that his only duty under that Rule is to provide tenants with a 13-page pamphlet on information about lead hazards.

The relevance of the chipped paint, however, is not that Zook necessarily has any independent duty to prevent, mitigate, or repair it. Rather, the relevance of the chipped paint is that it formed one of the bases upon which the EPA suspected that Zook's property might contain lead-based hazards. Under the Lead Disclosure Rule, a lessor of target housing has an obligation to make a disclosure to prospective tenants regarding "the presence of any known lead-based paint and/or lead-based paint hazards." 40 C.F.R. § 745.107(a)(2). Chipped paint is one such "lead-based hazard" that a landlord of target housing is obligated to disclose. Thus, its presence at Zook's rental property is relevant to any determination by the EPA as to whether Zook was complying with the Lead Disclosure Rule or not.

Zook next argues that this court did not understand his argument regarding the EPA's subpoena power. Specifically, he asserts that "no one would dispute the agency has the power to issue subpoenas," but that "such subpoena power has limits and Respondent questions those limits." (ECF No. 15.) He goes on to argue that the EPA exceeded the limits of its authority because it issued the subpoena in this case "'willy/nilly,' i.e., at random, without any reasonable predicate."

As the Court explained in its Order, however, Zook misapprehends what is required to support the issuance of an administrative subpoena. The Court disagrees with Zook that the EPA acted arbitrarily in this matter—the EPA acted within the scope of the authority granted to it by Congress. *See Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209, 214 (1946) ("It is enough that the investigation be for a lawfully authorized purpose, within the power of Congress

5

to command. . . . [A]nd the documents sought are relevant to the inquiry."). In this case, the EPA suspected that Zook might be in violation of the Lead Disclosure Rule and it sought to investigate that question—that is within its powers as authorized by Congress. The fact that Zook may believe that a federal agency should not have such a power is not pertinent to the analysis.

The Court's conclusions, therefore, remain unchanged despite Zook's explanations regarding the Court's alleged misunderstandings of his arguments.

### B. Issues Unaddressed

Zook next argues that this Court must amend its Judgment because it failed to address two of his arguments in its prior Order. First, he argues that the informant who contacted the EPA regarding his property was engaging in "a clear-cut case of criminal extortion/blackmail," and that therefore "the credibility of the informant is destroyed." He adds that "the court, as a matter of public policy, ought not acquiesce [sic] the EPA in its improper assistance to and rewarding of persons who would feloniously misuse this important agency." Even assuming that Zook were correct, and the informant here was engaged in some sort of criminal scheme, Zook presents this Court with no authority, and the Court is aware of none, that would require it to conclude that when an agency acts on the basis of a tip from someone with allegedly improper motives, the *agency's* actions that follow become improper. Furthermore, Zook has provided no evidence beyond his own assertions the informant had improper motives. In fact, he presents no evidence beyond his own assumptions regarding the informant's identity. In any event, it was Zook's burden to demonstrate that the Judgment must be set aside on this basis, and he has failed to meet that burden.

Zook next argues that the Court failed to address his argument that "the informant's

6

living unit was an exempted, zero-bedroom unit," and that therefore the EPA could not legally rely on information obtained from that person to support any reasonable belief that Zook had violated the Lead Disclosure Rule. Once again, however, Zook has failed to articulate any legal support for this argument. Moreover, as the Court explained in its Order, "as long as it is lawfully authorized by Congress, and the information sought is relevant to that legitimate investigation, the EPA is authorized to issue a subpoena even without meeting a particular threshold of suspicion." (ECF No. 13, pp. 5-6.)

Neither of Zook's arguments on these allegedly unaddressed issues persuade the Court that the analysis in its original Order was in error or that the Judgment must be amended.

C. *Morton Salt*

Zook's next argument is that the Court committed a legal error when it applied the reasoning of *Morton Salt*, 338 U.S. 632, because that opinion applied only to administrative subpoenas served on corporations. The Court directly addressed this contention in the prior Order, however. Specifically, the Order explains that

> The Supreme Court has upheld administrative subpoenas directed against individuals, just as it has those directed against corporate entities. *See, e.g.*, *Fisher v. United States*, 425 U.S. 91, 414 (1976) (upholding IRS subpoenas for certain tax preparation documents related to personal returns); *Shapiro v. United States*, 335 U.S. 1, 4, 33-36 (1948) (upholding subpoena from the Price Administrator seeking the sales and inventory records belonging to an individual wholesaler of produce).

(ECF No. 13, p. 9.) As the Court also explained, "other courts have enforced virtually identical subpoenas in other cases." *Id.*

Zook's argument about the applicability of the rule of *Morton Salt* to him as an individual is merely a rehashing of an argument he previously made and which this Court previously rejected. A motion for reconsideration is not an appropriate mechanism to ask the Court to

7

revisit issues already addressed. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018).

To the extent that Zook argues that the Judgment must be amended because individuals must be permitted to challenge administrative subpoenas directed at them under the Fourth and Fifth Amendments, the Court has never suggested that such a challenge would be improper. Rather, the Court concluded that no violation of Zook's Fourth or Fifth Amendment rights took place in this case. The Court analyzed Zook's contentions under the Constitution and concluded that they lacked merit in this case.

Therefore, Zook is not entitled to relief on this ground.

**D. Reasonable Basis**

Zook's final substantive argument is that the Court's reasoning is circular in that it would find a subpoena has a reasonable basis "independent of any consideration of the particular facts or the particular individual, if it is issued pursuant to a subject matter that Congress has authorized and the matters sought would be relevant to that subject matter." (ECF No. 15.) He argues that the Court's analysis ignores any question of whether or not the administrative agency has a reasonable basis to believe that a party is not complying with the law. As explained above and in the prior Order, the Supreme Court has concluded that such a reasonable basis is not required, and this Court is bound by that precedent. *See Walling*, 327 U.S. 186 at 201, 215-16. While the agency may not act arbitrarily, it can use its subpoena power to investigate and procure evidence and is not limited to attempting to prove a pending charge or complaint. *Id.*

Zook's more fundamental concern, however, appears to be that if that reasoning is correct, then administrative subpoenas could be used to target and abuse individual citizens. Zook offers no evidence, however, that he has been randomly targeted or personally targeted for

an illegitimate reason. He contends that the informant was attempting to extort or blackmail him, but he offers no proof of that allegation beyond his own assertions. At no point has he demonstrated that the EPA acted, or sought to act, in an abusive manner towards him. Such abusive practices would be prohibited, *Walling*, 327 U.S. at 216, but Zook's case does not raise that question for the Court's resolution.

### IV. CONCLUSION

For the reasons set forth in this Order, Respondent Zook's Motion to Alter or Amend Judgment is DENIED.

DATED this 1st day of February, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge